IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| STATE OF KANSAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, et al., <br><br> Defendants. | Case No. 1:24-cv-00110-LTS-KEM |

**DEFENDANTS' MOTION FOR ENTRY OF SCHEDULING ORDER, OR, IN THE ALTERNATIVE, CONSENT MOTION FOR BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

On October 8, 2024—nearly five months after Defendants promulgated their Minimum Staffing Standards for Long-Term Care Facilities and Medicaid Institutional Payment Transparency Reporting Rule ("the Final Rule"), 89 Fed. Reg. 40876 (May 10, 2024)—Plaintiffs filed a complaint challenging the Final Rule under the Administrative Procedure Act ("APA"). ECF No. 1. After amending their complaint, ECF No. 3, Plaintiffs then filed a motion for preliminary injunction on October 22, 2024. ECF No. 30. Pursuant to Local Rule 7(e), Defendants' current deadline to respond to Plaintiffs' motion for preliminary injunction is November 5, 2024. Because Plaintiffs' motion presents complete overlap with the issues raised in their amended complaint, Defendants move the court to enter the following scheduling order for expedited summary judgment briefing, so as to avoid the unnecessary duplication of judicial and party resources in this case:

- **November 8, 2024**: Defendants produce the administrative record;

- **November 29, 2024**: Plaintiffs file motion for summary judgment (or refile their motion for preliminary injunction);

- **December 20, 2024**: Defendants file a combined cross-motion for summary judgment and response to Plaintiffs' motion;

- **January 10, 2025**: Plaintiffs file a combined response to Defendants' cross-motion for summary judgment and reply in support of Plaintiffs' motion;

- **January 31, 2025**: Defendants file a reply in support of their cross-motion for summary judgment.

In the alternative, Defendants request (with Plaintiffs' consent) that they be permitted to file their response to Plaintiffs' motion for preliminary injunction by **November 21, 2024**, and that Plaintiffs' reply in support of their motion for preliminary injunction be filed by **November 27, 2024**.

## ARGUMENT

As good cause for their proposed schedule, Defendants submit the following:

1. Good cause exists to enter Defendants' proposed scheduling order for expedited summary judgment briefing. The State of Texas, together with a group of industry-plaintiffs including the American Health Care Association and LeadingAge, filed a similar lawsuit against the same Defendants challenging the same Final Rule immediately after its promulgation, on May 23, 2024. *See Am. Health Care Ass'n v. Becerra*, No. 2:24-cv-114-Z-BR (N.D. Tex.). In that case, the parties are proceeding directly to summary judgment on an expedited schedule. *See id at* Dkt. 47 (Aug. 13, 2024).

2. Even though Plaintiffs' complaint here was filed nearly five months later, *see* ECF No. 1, Defendants are prepared to proceed with a similarly expedited schedule for dispositive merits briefing in this case, which will both accommodate Plaintiffs' desire for a swift decision on the legality of the Final Rule, *see* ECF No. 30-1 at 4, and preserve party resources while promoting judicial economy by eliminating the need for this Court to decide the same merits issues twice over (once on a motion for preliminary injunction, and then again on motions for summary judgment). *See* Fed. R. Civ. P. 1 ("These rules . . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

3. Plaintiffs waited over five months to challenge the Final Rule via their motion for preliminary injunction. *See* ECF No. 30. And having now done so, Plaintiffs concede that the only portions of the Final Rule challenged as unlawful in their motion—the 24/7 Registered Nurse ("24/7 RN") requirement and the Hours Per Resident Day ("HPRD") requirements—do not currently apply and need not be implemented for several years. *See* ECF No. 30-1 at 36; 89 Fed. Reg. 40,913 (providing that the 27/7 RN and HPRD requirements challenged by Plaintiffs do not apply for between two and five years, depending on facility). Plaintiffs will thus suffer no prejudice if the Court were to proceed directly to expedited summary judgment briefing via the schedule proposed by Defendants.

4. Indeed, proceeding directly to summary judgment will obviate the need to decide Plaintiffs' motion for preliminary injunction at all. The "limited purpose" of a "preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Since Defendants are prepared to proceed directly to summary judgment in this case, Plaintiffs' motion for preliminary injunction—which asks the Court to enjoin the implementation of requirements which already do not apply until 2026 at the earliest—is thus unnecessary. *See Smirnov v. Clinton*, 806 F. Supp. 2d 1, 21 n.16 (D.D.C. 2011) ("[M]ost APA cases, [are resolved] through the consideration of cross motions for summary judgment . . . ."), *aff'd*, 487 F. App'x 582 (D.C. Cir. 2012). *See also, e.g., Louisiana v. EPA*, No. 23-692 (W.D. La.), Dkt. 23 (July 19, 2023) (approving expedited summary judgment briefing schedule in response to motion for preliminary injunction challenging EPA and DOJ regulations under the APA).

5. Defendants' requested summary judgment schedule will thus ensure that a final judgment can be issued in this case well before the implementation date of the portions of the Final Rule challenged by Plaintiffs, while still affording the parties and the Court sufficient time to consider the administrative record and ensure that all legal issues raised are adequately and thoroughly presented in the most efficient manner, given the importance of the interests at stake. *See Fla. Power & Light Co.*

*v. Lorion*, 470 U.S. 729, 743-44 (1985) (judicial review under the APA is limited to the administrative record that was before the agency when it made its decision).

6. On October 25 and 28, 2024, undersigned counsel conferred with counsel for Plaintiffs, who indicated that Plaintiffs oppose Defendants' request for entry of a scheduling order for expedited summary judgment briefing because "they have experienced irreparable harm as a result of the Final Rule and would face further irreparable harm prior to summary judgment being decided." Plaintiffs do however, consent to Defendants' alternative request to set a briefing schedule on Plaintiff's motion for preliminary injunction.

7. In the alternative, Defendants move the Court to enter a briefing schedule for Plaintiffs' motion for preliminary injunction, to which Plaintiffs have consented. *Supra* ¶ 6. Defendants' deadline for responding to Plaintiffs' motion for preliminary injunction has not been extended previously, and this is the first extension sought by either party in this case.

8. If the Court does not enter Defendants' proposed scheduling order for expedited summary judgment briefing, good cause exists for entry of the agreed-upon preliminary injunction briefing schedule. Due to the press of other business (including dispositive merits briefing in the earlier-filed challenge to the Final Rule, *Am. Health Care Ass'n v. Becerra*), and intervening personal obligations of undersigned counsel, Defendants would suffer prejudice absent entry of the agreed-upon preliminary injunction briefing schedule proposed.

9. Defendants therefore respectfully request that the Court approve and enter the following briefing schedule for Plaintiffs' motion for preliminary injunction if the Court does not enter Defendants' requested scheduling order for expedited summary judgement briefing:

- **November 21, 2024**: Defendants file a response to Plaintiffs' motion for preliminary injunction;

- **November 27, 2024**: Plaintiffs file a reply in support of their motion for preliminary injunction.

A proposed order is attached.

Dated: October 28, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

/s/ Andrew J. Rising
ANDREW J. RISING
Trial Attorney (D.C. Bar No. 1780432)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Rm. 12520
Washington, D.C. 20005
Phone: (202) 514-0265
E-mail: andrew.j.rising@usdoj.gov

*Counsel for Defendants*